# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| ISRAEL VILLANUEVA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. EP-19-CV-00007-FM-ATB |
| | § | |
| SCOTT HICKLIN, WARDEN, | § | |
|     Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On this day, the Court *sua sponte* considered the status of the above styled and numbered cause. The current case was referred to this Court pursuant to the Standing Order referring all prisoner civil rights cases to the United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** that the case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's orders.

## I. BACKGROUND

On January 9, 2019, Plaintiff Israel Villanueva ("Villanueva"), proceeding *pro se*, filed a complaint raising numerous causes of action for alleged violations of his rights and seeking damages for both himself and his mother. (ECF No. 1). The complaint was filed without the required filing fee or an application to proceed *in forma pauperis*. *See* (*Id*.). On January 23, 2019, the Court ordered Villanueva to either pay the filing fee or submit an application to proceed i*n forma pauperis* and gave Villanueva thirty days to do so ("First Order"). (ECF No. 2). On February 26, 2019, the District Clerk's Office received a partial payment of $5.00 via a check dated February 22, 2019, which was returned on February 26, 2019.[1] (ECF No. 5). On February

---

[1] The Court notes that the filing fee for a habeas corpus petition is $5.00 but Villanueva does not appear to be bringing such an action.

26, 2019, the Court again ordered Villanueva to pay the required filing fee of $400.00 or submit an application to proceed *in forma pauperis* and gave Villanueva an additional thirty days to do so ("Second Order"). (ECF No. 6). The Court further warned Villanueva that failure to comply with the Second Order "may result in dismissal of Plaintiff's claim pursuant to Federal Rule of Civil Procedure 41." (*Id*. at 2). To date, Villanueva has failed to pay the required filing fee or submit an application to proceed *in forma pauperis*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or [] comply with these rules or a court order." Fed. R. Civ. P. 41(b). It is "well-settled that the district court may dismiss a case *sua sponte* for failure to prosecute." *Medina v. El Paso Cty. Jail Annex*, No. EP-08-CA-219-FM, 2008 WL 4426575, fn. 10 (W.D. Tex. Sept. 24, 2008) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). "'This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.'" *Few v. Rivera*, No. EP-06-CA-348-KC, 2007 WL 1643068, at *1 (W.D. Tex. May 14, 2007) (quoting *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir.1985) (alteration in original).

"A Rule 41(b) dismissal may be with or without prejudice." *Cabrera v. United States*, No. 3:16-CV-2684-D-BN, 2017 WL 535602, at *2 (N.D. Tex. Jan. 5, 2017) (citing *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996)), report and recommendation adopted, No. 3:16-CV-2684-D, 2017 WL 532287 (N.D. Tex. Feb. 9, 2017). However, a dismissal with prejudice is appropriate only if the failure to prosecute was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

While a Court should be "appropriately lenient" with a party who is proceeding *pro se*, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

## III. ANALYSIS

Pursuant to Rule 41(b), the Court finds that Villanueva failed to comply with the Court's orders and failed to prosecute his case.

First, the Court finds that Villanueva failed to comply with the Court's orders. The Court twice ordered Villanueva to pay the requisite filing fee or submit an application to proceed *in forma pauperis*. (ECF Nos. 2, 6). Villanueva responded to the First Order with a partial payment of $5.00. *See* (ECF No. 5). To date, Villanueva has not responded to the Second Order. *See* 28 U.S.C. § 1915(a)(1) (requiring authorization by a court to commence an action without prepayment of fees); 28 U.S.C. § 1915(b) (defining the amount a court is to assess as an initial partial payment for civil actions brought by prisoners proceeding *in forma pauperis*). In this respect, courts routinely hold that the failure to comply with a court order makes dismissal without prejudice appropriate. *See Perez v. United States*, No. EP-08-CR-460-PRM-8, 2014 WL 10180331, at *2 (W.D. Tex. Aug. 27, 2014); *Few v. Rivera*, No. EP-06-CV-348-KC, 2007 WL 1643068, at *1 (W.D. Tex. May 14, 2007). Moreover, the Court has provided Villanueva with three months from its First Order to either pay the required filing fee or submit an application to proceed *in forma pauperis*. Further, the Court warned Villanueva that failure to comply with the Court's Second Order may result in the dismissal of his claim. (ECF No. 6, p. 2). Therefore, the Court finds that Villanueva has had ample time, opportunity, and warning but has nevertheless, failed to respond to the Court's orders. *See Perez*, 2014 WL 10180331, at *1-2 (dismissing the action without

prejudice on August 27, 2014, for failure to comply with the Court's orders, after ordering plaintiff on July 24, 2014, to cure deficiencies by August 15, 2014).  As such, the Court finds that Villanueva has failed to comply with the Court's orders.

Second, the Court finds that Villanueva failed to prosecute his claim.  Since the filing of his complaint without the requisite filing fee or an application to proceed *in forma pauperis*, Villanueva has been given several months to remedy the deficiencies in his filings but has refused or declined to do so.  "The court is not required to delay disposition in this case until such time as Plaintiff decides to comply with the requirement of submitting a certified statement of his inmate trust account as required by 28 U.S.C. § 1915(a)(2)." *Winslow v. Charlston Methodist Hosp.*, No. 3:04-CV-1874-B, 2004 WL 2173435, at *1 (N.D. Tex. Sept. 27, 2004), report and recommendation adopted *sub nom*, *Winslow v. Charlston Methodist Police Dep't*, No. 3-04-CV-2008-B, 2004 WL 2347998 (N.D. Tex. Oct. 15, 2004).  Accordingly, the Court finds that Villanueva has failed to prosecute his case.  *See id.* (recommending that the action "be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b)."); *see also Alvarado-Garrido v. United States*, No. EP-05-CR-2399-FM, 2008 WL 961038, at *1 (W.D. Tex. Mar. 20, 2008) (dismissing action without prejudice "for failure to comply with the Court's order and failure to prosecute . . . .").

Despite Villanueva's failure to comply with the Court's orders and to prosecute his claim, the Court finds that dismissal with prejudice is not warranted at this time.  While Villanueva has failed to comply with the Court's orders and prosecute his claim, the Court acknowledges that Villanueva did partially respond to the Court's First Order with the submission of a partial payment.  *See* (ECF No. 5).  The Court finds that this partial payment does not demonstrate

4

"contumacious conduct by the plaintiff" and that there has been no showing that lesser sanctions would be futile. *See Berry*, 975 F.2d at 1192.

Finally, the Court finds that dismissing the immediate action will not result in any of Villanueva's asserted causes of action being time-barred under the applicable statutes of limitations.[2] The Federal Tort Claims Act "applies a two-year statute of limitations from the accrual date of the cause of action." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589 (5th Cir. 1999) (citing 28 U.S.C. § 2401(b)). Further, the Fifth Circuit has held that "applying Texas law, . . . the statute of limitations period on a *Bivens* claim is two years." *Id*. at 590 (citing *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998)). Similarly, the statute of limitations for a claim brought under 42 U.S.C. § 1983 in Texas is two years because "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). This includes actions seeking equitable relief, including injunctions. *See Walker v. Epps*, 550 F.3d 407, 412 (5th Cir. 2008). Additionally, the statute of limitations for claims brought under the Tucker Act is six years. *See United States v. Land*, 213 F.3d 830, 836 (5th Cir. 2000). Finally, the statute of limitations for claims brought under the Administrative Procedures Act is six years. *See Hyatt v. United States Patent & Trademark Office*, 904 F.3d 1361, 1371-72 (Fed. Cir. 2018) ("In the absence of a specific statutory limitations period, actions for judicial review against the United States under the [Administrative Procedures Act] are subject to the statute of limitations in 28 U.S.C. § 2401(a). Section 2401(a) provides that 'every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first

---

[2] It appears to the Court that Villanueva is advancing the following causes of actions: a *Bivens* claim (ECF No. 1, p. 1); a request for injunctive relief (*Id*.); a claim pursuant to 42 U.S.C. § 1983 (*Id*.); an action pursuant to 5 U.S.C. § 702 of the Administrative Procedures Act (*Id*. at 4); a Federal Tort Claims Act claim (*Id*.); and a Tucker Act claim (*Id*.).

accrues.'") (quoting 28 U.S.C. § 2401(a) (citation omitted)).[3] In this respect, the earliest date referenced by Villanueva in his complaint is May 5, 2018. (ECF No. 1, p. 3). Thus, as the statutes of limitations have not yet run on any of Plaintiff's claims, the Court finds it need not consider the stricter standards required for dismissal with prejudice. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006).

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the above styled and numbered cause be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's orders pursuant to Federal Rule of Civil Procedure 41(b).

**SIGNED** and **ENTERED** this 24th day of April, 2019.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

[3] The Court expresses no view on the merits of any of the claims raised by Villanueva in his Complaint.